Arana-Salazar v. Blanche

BIA
Poczter, IJ
A201 417 399/398

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of August, two thousand twenty-six.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> *Chief Judge*,
> ROBERT D. SACK,
> MYRNA PÉREZ,
> *Circuit Judges*.

_____

ESMELIN RENE ARANA-SALAZAR, Y.R.A.-AC,

> *Petitioners*,

> v.

TODD BLANCHE, UNITED STATES ATTORNEY GENERAL,

> *Respondent*.

23-7768
NAC

_____

**FOR PETITIONERS:**   Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**   Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Joanna L. Watson, Senior Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Esmelin Rene Arana-Salazar and his minor child, natives and citizens of Guatemala, seek review of an October 16, 2023 decision of the BIA affirming a November 6, 2019 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Esmelin Rene Arana-Salazar, et al.*, Nos. A201 417 399/398 (B.I.A. Oct. 16, 2023), *aff'g* Nos. A201 417 399/398 (Immigr. Ct. N.Y.C. Nov. 6, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA—that is, without the IJ's finding that Arana-Salazar's past harm did not rise to the level of persecution, which the BIA did not rely on. *See Xue Hong Yang v. U.S. Dep't of Just.*,

2

426 F.3d 520, 522 (2d Cir. 2005). "We review questions of law and application of law to fact *de novo* and factual findings for substantial evidence." *KC v. Garland*, 108 F.4th 130, 134 (2d Cir. 2024). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal must establish either past persecution or a fear of future persecution and "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."[1] 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. §§ 1208.13(b), 1208.16(b). The applicant must establish both the existence of a protected ground and that the ground was or is a central reason for the harm suffered or feared. *See Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014). As to CAT relief, an applicant has the burden to establish that he will "more likely than not" be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).

---

[1] Contrary to Arana-Salazar's argument here, this "one central reason" standard applies to both asylum and withholding of removal. *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022).

3

Arana-Salazar alleged that gang members extorted him and his wife and threatened their family, at one point holding a gun to his head. He contended that he was targeted because of his membership in particular social groups of truck drivers subject to gang extortion and Guatemalans unable to receive police protection, and that his son was or would be targeted as a family member of Guatemalan business owners subject to gang extortion. He does not meet his burden to overcome the agency's dispositive conclusion that the harm he suffered was not based on a protected ground, but instead due to general criminal conditions like extortion. Nor does he overcome the agency's findings that he failed to show likely torture or government acquiescence to torture. His brief consists of conclusory statements without citation to legal authority or factual support in the record. *See* Fed. R. App. P. 28(a) (requiring appellant to include "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (finding a petitioner's "single conclusory sentence" insufficient to raise an argument). Indeed, outside of a two-paragraph section challenging the IJ's denial of adjournment in the BIA brief, the brief submitted on this appeal is identical to the one submitted to the BIA. And

the brief on this appeal is virtually identical to briefs submitted in other appeals to this Court by Petitioners' counsel on behalf of other clients. *See, e.g.*, 2d Cir. 24-90, Dkt. No. 18 (June 20, 2024 Br.); 2d Cir. 24-443, Dkt. No. 17 (Sep. 9, 2024 Br.).[2] Given that the brief does not challenge the dispositive grounds for the agency's denial of relief for Arana-Salazar, we conclude that Arana-Salazar has abandoned his claims. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("'We consider abandoned any claims not adequately presented in an appellant's brief,' and an appellant's failure to make 'legal or factual arguments' constitutes abandonment." (quoting *Schwapp v. Town of Avon*, 118 F.3d 106, 112 (2d Cir. 1997))).

In any event, even without considering abandonment, we conclude that the agency did not err in its decision here. As to asylum and withholding of removal, the IJ found that Arana-Salazar did not allege that gang members were motivated by his membership in a particular social group. Indeed, Arana-Salazar testified that the gangs wanted money and "just look[ed] for people who have a business" or "who they think might have money to extort them." Cert. Admin. R. 103. Fear of "general crime conditions" is typically insufficient to establish a well-founded

---

[2] Indeed, while the opening section of the brief accurately explains that Arana-Salazar is from Guatemala, the rest of the brief inexplicably references conditions in Ecuador. *See* Pet'rs' Br. at 9–12.

fear of persecution. *See Melgar de Torres v. Reno*, 191 F. 3d 307, 313–14 (2d Cir. 1999). His argument here that a social group of "witnesses who openly report criminal activity" is cognizable is not consistent with the claim he raised before the IJ because he stated that he did not report his problems with the gang to the police. Pet'rs' Br. at 6–8; Cert. Admin. R. 100. And the record supports the agency's conclusion that Arana-Salazar did not establish eligibility for CAT relief because he was not tortured in the past and he did not have evidence that anyone was looking for him or explain why he would be a specific target if he returned. 8 C.F.R. §§ 1208.16(c)(2)–(3), 1208.18(a)(1); *Garcia-Aranda v. Garland*, 53 F.4th 752, 758–59 (2d Cir. 2022) (requiring CAT applicant to show that torture is "more likely than not" and that there is "sufficient state action").[3]

---

[3] Arana-Salazar's challenge to the acquiescence standard is unsupported and lacks merit. He relies on an out-of-circuit case, *Grace v. Barr*, 965 F.3d 883 (D.C. Cir. 2020), that does not address the issue. And the regulations require an applicant to show that the feared torture will be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). The unwilling-or-unable-to-protect standard he references is for asylum and withholding of removal. *See Scarlett v. Barr*, 957 F.3d 316, 336 (2d Cir. 2020) (leaving it to BIA to determine "how the 'unable' prong of the unwilling-or-unable standard, as applicable to withholding claims, might translate to identifying government acquiescence in torture"); *Matter of M-S-I-*, 29 I. & N. Dec. 61, 64 (B.I.A. 2025) ("[T]he acquiescence standard for CAT protection differs from the unable-or-unwilling standard for asylum and withholding of removal; the potential for private actor violence coupled with a speculation that

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.  Given the defects in briefing by petitioners' counsel, Michael Borja, which include abandonment of dispositive issues, misstatements of fact, and the inclusion of unsupported or previously rejected arguments, a copy of this order will be forwarded to the Grievance Panel.  Attorney Borja is also instructed to inform Arana-Salazar of the process for filing a motion to reopen the removal proceedings with the BIA, including informing him of the legal standards and procedural requirements for reopening based on ineffective assistance of counsel.  *See* 8 U.S.C. § 1229a(c)(7);

---

police cannot or will not help is insufficient to prove acquiescence.").

7

8 C.F.R. § 1003.2(c); *Paucar v. Garland*, 84 F.4th 71, 80–81 (2d Cir. 2023).[4]

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[4] We express no opinion as to whether this case would warrant equitable tolling of the deadline for filing a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (requiring motion to reopen to be filed no later than 90 days after the final administrative decision); *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008) ("[I]neffective assistance of counsel can . . . afford [a non-citizen] additional time beyond the limitations period for a motion to reopen and relieve a petitioner from the numerical bar."). Nor do we express any opinion as to whether, if the BIA reopens proceedings, Petitioners have potentially successful claims therein.

Parties seeking equitable tolling, meaning additional time beyond the 90-day period to file a motion to reopen, must show that (1) counsel's performance was so ineffective that it impinged upon the fundamental fairness of the hearing, and (2) they have exercised due diligence in pursuing their claims. *See Rashid*, 533 F.3d at 130–31.

In addition, parties pursuing a claim for ineffective assistance of counsel in relation to counsel's representation in removal proceedings must comply with certain procedures laid out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Specifically, they must file the following with the BIA:

> (1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the [non-citizen] notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so.

*Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005) (quoting *Esposito v. INS*, 987 F.2d 108, 110–11 (2d Cir. 1993) (per curiam)).